# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2010

No. 09-10599
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD AIELLO, III,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-149-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Richard Aiello, III, was found guilty of one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B), and 846. The district court sentenced Aiello to 262 months imprisonment and four years supervised release. He now appeals the district court's denial of his motion to suppress and the sentence imposed. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Aiello first contends that the search warrant affidavit was based on stale information and failed to establish a nexus between the illegal activity and his residence. The issue before the court is the applicability of the "good faith" exception to the exclusionary rule, and specifically whether the warrant lacked sufficient indicia of probable cause "as to render official belief in its existence entirely unreasonable." *United States v. Gant*, 759 F.2d 484, 487 (5th Cir. 1985) (internal quotation marks and citation omitted). We review factual findings on a motion to suppress for clear error and determinations regarding the reasonableness of an officer's reliance on a warrant and the sufficiency of the warrant de novo. *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999).

The affidavit showed an ongoing pattern of criminal activity, relying on detailed information from a confidential source (CS) who made regular purchases from Aiello at his home. Although the CS discontinued dealing with Aiello in January 2008, the CS resumed purchases sometime in May 2008, and the CS made a controlled purchase from Aiello on June 24, 2008. During the controlled purchase, drug agents observed Aiello return to his home for a brief time before delivering the contraband to the CS at another location. The search warrant was executed the following day. On these facts, we do not conclude that the affidavit was so lacking in indicia of probable cause due to staleness or an insufficient nexus that reliance on it was objectively unreasonable. *See United States v. Pena-Rodriguez*, 110 F.3d 1120, 1130 (5th Cir. 1997); *United States v. Broussard*, 80 F.3d 1025, 1034 (5th Cir. 1996). Accordingly, we find no error in the district court's suppression ruling. Thus, we need not reach the Government's alternate contention that any error in the admission of the evidence was harmless.

Aiello next argues that the district court erroneously attributed 4,536 grams of methamphetamine to him as relevant conduct. The amount at issue is the estimated amount of methamphetamine that David White sold to Jeff Berry, which was attributed to Aiello on the basis that he was White's supplier.

Aiello contends that no evidence established that he was supplying White or that he was a part of the conspiracy during the relevant time period.

A district court's calculation of the quantity of drugs involved in an offense is a factual determination that is reviewed for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). In the absence of rebuttal evidence, the district court may adopt the facts contained in the presentence report (PSR) so long as those facts have an adequate evidentiary basis. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). The district court has "wide discretion in determining which evidence to consider and which testimony to credit." *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996).

Here, the PSR stated that Berry knew that Aiello was White's supplier because Berry and White had picked up methamphetamine from Aiello on at least two occasions. That is supported by other evidence in the record, specifically testimony at the suppression hearing from a federal agent that Berry and Brooke Cooper implicated Aiello as White's supplier. As a finding that Aiello was White's supplier is plausible in light of the record as a whole, we find no clear error in the district court's drug quantity determination. *See United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002).

The judgment and sentence of the district court are AFFIRMED.